IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEROME ALLEN BARGO,
ADC #75423, et al.                                                                                       PLAINTIFFS

v.                          Case No. 5:14-cv-00393 KGB-JTK

RAY HOBBS, et al.                                                                                       DEFENDANTS

## ORDER

The Court has received Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 7) ("the first Proposed Findings and Recommendations"); the timely objections filed by plaintiff Jerome Allen Bargo, which he styles as a motion for reconsideration (Dkt. No. 12); the supplemental objections filed by Mr. Bargo, which he styles as a supplemental motion for reconsideration (Dkt. No. 13), and Judge Kearney's order granting in part and denying in part Mr. Bargo's motion to reconsider (Dkt. No. 15). Plaintiff Marion Gene Westerman filed a motion to dismiss (Dkt. No. 16). Plaintiff Robert Harold Munnerlyn filed objections (Dkt. No. 18), which were submitted nearly one month after the deadline for filing objections. After a review of the first Proposed Findings and Recommendations, and all objections and related filings received, as well as a *de novo* review of the record, the Court adopts the first Proposed Findings and Recommendations (Dkt. No. 7).

Also before the Court are Proposed Findings and Recommendations submitted by Judge Kearney (Dkt. No. 24) ("the second Proposed Findings and Recommendations"). Mr. Bargo and Mr. Munnerlyn filed objections which they styled as a motion for reconsideration of Judge Kearney's Order (Dkt. No. 28). After a review of the second Proposed Findings and Recommendations, and all objections and related filings received, as well as a *de novo* review of the record, the Court adopts the second Proposed Findings and Recommendations (Dkt. No. 24).

Plaintiffs Mr. Bargo, Mr. Westerman, and Mr. Munnerlyn filed motions to proceed *in forma pauperis* in this *pro se* action against defendants (Dkt. Nos. 1-3). In their initial complaint, plaintiffs allege due process violations, violations of their rights against self-incrimination, and retaliation associated with the use of computerized voice stress analysis ("CVSA") test results to convict them of disciplinary charges. They also assert claims of cruel and unusual punishment due to forced labor beyond their physical capacities, improper job assignments in contravention of their medical classifications, and deliberate indifference to their serious medical needs.

The first Proposed Findings and Recommendations recommend that this Court adopt the position that the only common claim between the plaintiffs is that "concern[ing] the use of voice stress analysis test results to convict them of disciplinary charges" (Dkt. No. 7, at 3-4). The Proposed Findings and Recommendations also determine that this claim "does not state a constitutional claim for relief" (*Id.* at 4). The Proposed Findings and Recommendations found that the "other allegations asserted in the Complaint" were "sufficiently distinct and separate to require that each Plaintiff pursue his own separate § 1983 claim" (*Id.*). Based on these findings, Judge Kearney recommended that this Court deny the motions to proceed *in forma pauperis* filed by Mr. Westerman and Mr. Munnerlyn and dismiss Mr. Westerman and Mr. Munnerlyn from this action.

Mr. Bargo filed a motion and supplemental motion to reconsider (Dkt. Nos. 12, 13). In response, Judge Kearney granted in part Mr. Bargo's request and ruled that Mr. Bargo may include in his Amended Complaint, which Judge Kearney directed him to file, allegations related and necessary to his due process claims (Dkt. No. 15). Judge Kearney denied Mr. Bargo's motion and supplemental motion to reconsider in all other respects (*Id.*).

Judge Kearney subsequently granted Mr. Westerman's motion to dismiss his claims from the action (Dkt. No. 17). Accordingly, Mr. Westerman's motion to proceed *in forma pauperis* is now moot. Therefore, this Court adopts the first Proposed Findings and Recommendations insofar as the first Proposed Findings and Recommendations recommend denying Mr. Westerman's motion to proceed *in forma pauperis*. The Court denies as moot Mr. Westerman's motion to proceed *in forma pauperis*.

As to the recommendation regarding Mr. Munnerlyn's motion to proceed *in forma pauperis*, the Court adopts the first Proposed Findings and Recommendations for the following reasons. Federal Rule of Civil Procedure 20(a)(1) allows multiple persons to join in one action as plaintiffs if "(A) they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20. Courts are divided over whether prisoners may join in the filing of a single action under Rule 20 without contravening the Prison Litigation Reform Act ("PLRA") and its requirement that a prisoner plaintiff pay the full amount of the filing fee when bringing a civil suit *in forma pauperis*. *Compare Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (holding that each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee), *with Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004) (allowing permissive joinder of prisoner plaintiffs as long as each joined prisoner pays the full individual filing fee), and *Hagan v. Rogers*, 570 F.3d 146 (3rd Cir. 2009) (same).

Based on this Court's review, the Eighth Circuit Court of Appeals has not ruled on this precise issue. After a *de novo* review of the record, and assuming without deciding that prisoners may join in the filing of a single action under Rule 20 without contravening the PLRA, the Court

adopts Judge Kearney's finding that Mr. Bargo's and Mr. Munnerlyn's claims and personal circumstances here are sufficiently separate and distinct from one another and arise from a separate series of occurrences such that Rule 20 does not permit joinder. Therefore, the Court adopts Judge Kearney's recommendation that Mr. Munnerlyn's claims should be dismissed without prejudice from this action and that he is required to file his own separate lawsuit concerning any claims against defendants. For these reasons, this Court adopts Judge Kearney's first Proposed Findings and Recommendations (Dkt. No. 7).

Plaintiff Mr. Bargo filed an amended complaint, which included claims also brought on behalf of Mr. Munnerlyn (Dkt. No. 22). For the reasons explained in this Order, Mr. Munnerlyn's claims should be dismissed without prejudice from this action, and he is required to file his own separate lawsuit concerning any claims against defendants. This determination is consistent with Judge Kearney's second Proposed Findings and Recommendations (Dkt. No. 24).

After a review of the second Proposed Findings and Recommendations, Mr. Bargo's objections, and a *de novo* review of the record in this case, the Court adopts the second Proposed Findings and Recommendations in their entirety (Dkt. No. 24).

Therefore, the Court orders that:

1. the motion to proceed *in forma pauperis* filed by co-plaintiff Marion Westerman is denied without prejudice as moot and that Mr. Westerman be dismissed without prejudice as a plaintiff in this action (Dkt. No. 4);

2. co-plaintiff Robert Munnerlyn's motion to proceed *in forma pauperis* be denied without prejudice and that Mr. Munnerlyn be dismissed without prejudice as a plaintiff in this action;

3. defendants Hobbs, Watson, Naylor, Roland, Evans, and Iko be dismissed without prejudice as defendants in this action;

4. plaintiff Mr. Bargo's voice stress analysis claims be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

5. plaintiff Mr. Bargo's cruel and unusual punishment and deliberate indifference claims be dismissed without prejudice.

SO ORDERED this 8th day of April, 2015.

_____
Kristine G. Baker
United States District Judge