**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JEROME ALLEN BARGO,**
**ADC #75423,** *et al*.                                                                                         **PLAINTIFF**

v.                             Case No. 5:14-cv-00393 KGB-JTK

**RAY HOBBS,** *et al.*                                                                                           **DEFENDANTS**

**ORDER**

The Court has received Revised Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 112). Plaintiff Jerome Allen Bargo filed objections to the Revised Proposed Findings and Recommendations (Dkt. No. 118). He also filed several addendums and supplements to his objections (Dkt. Nos. 119; 121; 122; 124; 125). After a review of the Revised Proposed Findings and Recommendations, and the timely objections received thereto, as well as a *de novo* review of the record, the Court adopts them in their entirety (Dkt. No. 112).

The Court writes separately to elaborate on one issue raised in the Revised Proposed Findings and Recommendations and in Mr. Bargo's objections. In his response to the defendants' motion for summary judgment, Mr. Bargo claims that defendant Jimmy Phillips violated his constitutional rights during the period that Mr. Bargo was assigned to field duty. Among other grievances, Mr. Bargo claims that he was "forced to urinate and defecate in the fields without portable toilets and without ways to sanitize his hands prior to eating, and was forced to handle chemicals and animal waste without the use of gloves" (Dkt. No. 112, at 11; Dkt. No. 97, at 2). In the Revised Proposed Findings and Recommendations, Judge Kearney concluded that, "[a]lthough inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a length[y] course of time, absent an allegation

of harm the Court finds that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right" (Dkt. No. 112, at 13). Mr. Bargo objects to this conclusion and argues that "a study of case law from all Circuits regarding access to toilets and reasonable adequate sanitation points in the direction that Plaintiff should have been provided such while in Field Utility" (Dkt. No. 118, at 13).

The Court finds that the defendants did not violate Mr. Bargo's rights under the Eighth Amendment by refusing his request to provide portable toilets on his work assignment. Mr. Bargo does not claim that he was not allowed to use the bathroom while assigned to field duty. He does not claim that he was forced to use the bathroom in a confined space. Instead, he claims that the denial of portable toilets and hand sanitizer constitutes cruel and unusual punishment under the Eighth Amendment. Based on the facts he alleges, his argument is not supported by Eighth Circuit precedent.

The Eighth Circuit Court of Appeals has consistently found that the Eighth Amendment is not violated when prisoners or pretrial detainees are temporarily subjected to unsanitary conditions. For example, the Eighth Circuit Court of Appeals found that the Eighth Amendment was not violated when a prisoner was forced to sleep on the floor of a two man cell for two nights with two other prisoners, and that "[t]he cell was so small that plaintiff was forced to position his mattress near the toilet so that urine was sprinkled on him when his cellmates used the toilet." *Goldman v. Forbus*, 17 F. App'x 487, 488 (8th Cir. 2001). In another case, the Eighth Circuit found that the Faulkner County Detention Center's policy of only providing one roll of toilet paper a week to each detainee did not violate a pretrial detainee's constitutional rights, despite the fact that the detainee ran out of toilet paper every week for a six-month period

and was forced to wait up to 30 minutes before being allowed to clean himself in the shower following a bowel movement.  *Stickley v. Byrd*, 703 F.3d 421, 424 (8th Cir. 2013).  The Eighth Circuit also found that a prisoner "failed to present any evidence tending to establish that the conditions in the strip cell denied him 'the minimal civilized measure of life's necessities[,]'" where there was no dispute that, for four days, the prisoner was held in a cell without running water, meaning he could not flush the toilet in his cell or wash his hands before eating.  *Williams v. Delo*, 49 F.3d 442, 444-45 (8th Cir. 1995).  In the light of these decisions, the Court finds that the Revised Proposed Findings and Recommendations should be adopted in their entirety.

Accordingly, defendants' motion for summary judgment is granted (Dkt. No. 87).  Mr. Bargo's complaint is dismissed with prejudice.  All other pending motions are denied as moot.

So ordered this 27th day of February, 2017.

_____
Kristine G. Baker
United States District Judge